IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

CIVIL NO. 5:22-CV-00081

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| **APPROXIMATELY $5,482.00 IN U.S.** | ) |
| **CURRENCY seized from Terry Kenneth** | ) |
| **Ross, Jr. on or about December 20, 2021, in** | ) |
| **Catawba County, North Carolina,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the United States' Motion for Default Judgment. *See* Doc. No. 7. Under Fed. R. Civ. P. 55(b)(2), the United States requests that the Court enter a Default Judgment of Forfeiture with respect to the approximately $5,482.00 in U.S. Currency ("Defendant Currency") seized from Terry Kenneth Ross, Jr. as identified in the Complaint. For the reasons discussed below, the Court will grant the Motion.

## I.  FACTUAL BACKGROUND[1]

On December 20, 2021, Dylan Carroll contacted law enforcement reporting that Terry Kenneth Ross, Jr. had recently broken into his residence looking for him. However, Mr. Carroll was not home at the time. Nevertheless, Ross, Jr. stole some clothing items from Mr. Carroll's

---

[1] Where, as here, an entry of default occurs, the defaulted party is deemed to have admitted all well-pleaded allegations of fact in the complaint. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2011); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"). Therefore, the factual allegations in the United States' Verified Complaint, Doc. No. 1, are deemed admitted as true.

1

room. *Id*. ¶ 7. Based on this report, law enforcement executed a search warrant at Ross, Jr.'s residence that same day. *Id*. ¶ 8. During the execution of the search warrant, Destiny Lall and Misty Anderson, along with two small children, were present at the residence. *Id*. ¶ 10. In a closet in Ross, Jr.'s father's room (Ross, Sr.), officers located two shotguns, as well as a locked safe, which contained approximately one pound of methamphetamine, a set of digital scales, and the Defendant Currency. *Id*. ¶ 11. Ross, Sr. denied that the weapons, drugs, or currency were his, and stated that those items belonged to his son. *Id*. ¶ 12. Conversely, Ross, Jr. maintained that the safe was his father's. Law enforcement also located some of the stolen property in Ross, Jr.'s room, along with drug paraphernalia. *Id*. ¶ 17.

About two weeks later, Destiny Lail informed law enforcement that Ross, Jr. had called Misty Anderson the night of the search and instructed her to put the safe and guns in his father's room. *Id*. ¶ 15. Ross, Jr. was consequently arrested and charged with various offenses including first degree burglary, felony larceny, trafficking methamphetamine, and possession of a firearm by felon. *Id*. ¶ 18.

On June 16, 2022, the United States filed a Verified Complaint for Forfeiture *In Rem*, alleging that the Defendant Currency seized from Ross, Jr. is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). *See* Doc. No. 1. The next day, the Clerk issued a Warrant of Arrest *In Rem* for the Defendant Currency. Doc. No. 2. After the United States filed its Complaint, and in accordance with Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States provided direct notice of this action to known potential claimants. Specifically, on June 22, 2022, the United States mailed notice and a copy of the Complaint to Ross, Jr., Terry Kenneth Ross, Sr., Natasha Lynn Ross, Destiny Nicole Lail, and attorney James Halstead. *See* Doc. No. 4. Additionally, in accordance with Supplemental Rule

G(4)(a), the United States provided notice by publication as to all persons with potential claims to the Defendant Currency by publishing notice via www.forfeiture.gov for 30 consecutive days, beginning on June 22, 2022. *Id.* During the pendency of this action, no individual or entity has made a timely claim to the Defendant Currency. On January 31, 2023, the Clerk of Court entered an Entry of Default. *See* Doc. No. 6.

## II. DISCUSSION

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the United States has the initial burden of establishing by a preponderance of the evidence that the defendant property is subject to forfeiture. 18 U.S.C. § 983(c)(1). A complaint must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. R. G(2)(f). The United States may seek forfeiture of currency if it was used, or intended to be used in exchange for a controlled substance, or represents proceeds of trafficking in controlled substances, or was used or intended to be used to facilitate a violation of the Controlled Substances Act, 21 U.S.C. § 801 *et seq. See* 21 U.S.C. § 881(a)(6).

Based upon the allegations of the United States' Verified Complaint—which are deemed admitted as true—the Court finds that the United States has satisfied its burden of showing that the Defendant Currency is subject to civil forfeiture under 21 U.S.C. § 881(a)(6). Additionally, the Court finds that the United States has taken reasonable steps to provide notice to known potential claimants, and the United States has otherwise complied with the notice requirements set forth in Supplemental Rule G(4). The Court therefore finds that the United States has established that default judgment is appropriate.

## III. ORDER

**IT IS THEREFORE ORDERED** that:

1. the United States' Motion for Default Judgment of Forfeiture, Doc. No. 7, is **GRANTED,** and Judgment of Forfeiture is **ENTERED** in favor of the United States against all persons and entities with respect to the Defendant Currency identified in the Complaint.

2. any right, title, and interest of all persons to the Defendant Currency is **FORFEITED** to the United States, and no other right, title, or interest shall exist therein.

3. the United States Marshal is hereby directed to dispose of the Defendant Currency as provided by law.

**SO ORDERED**

Signed: August 7, 2023

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge

4

Case 5:22-cv-00081-KDB-DCK   Document 9   Filed 08/07/23   Page 4 of 4